IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAWMILL PROPERTY, LLC,

      Plaintiff,

vs.

Case No. C2-08-672
Judge Edmund A. Sargus, Jr.
Magistrate Judge Norah McCann King

TOYS "R" US-DELAWARE, INC.,
      et al.,

      Defendants.

## ORDER

This matter is before the Court for consideration of Defendants' Motion to Strike Plaintiff's Designation of Testifying Experts. Defendants move the Court for an order striking Plaintiff's designation of testifying experts because it does not comply with Federal Rule of Civil Rule 26(a)(2) and this Court's September 25, 2008 scheduling order, which provides as follows:

> If the expert is specifically retained, disclosures must conform to F.R. Civ. P. 26(a)(2), unless otherwise agreed to by the parties or ordered by this Court. If the expert is not specifically retained, the parties must provide (1) the identity of the expert (2) articulation of the substance of the testimony expected to be provided by the expert and (3) the basis of any opinion expected to be offered by the expert.

On February 16, 2009, Plaintiff identified the names and addresses of three testifying experts, without otherwise providing information regarding the substance of their expected testimony or the basis of their opinions. Defendants contend that they are severely prejudiced by Plaintiff's non-compliance with the Court's Order to provide this additional information beyond mere identification of the experts because they are unable to retain and designate any rebuttal

expert testimony.

In response, Plaintiff agrees to withdraw its designation of two of the experts it identified, but opposes the Motion to Strike as it pertains to Mr. Robert Meyers, who is an employee of Plaintiff who does not regularly give expert testimony. Plaintiff asserts that it was under no obligation to provide a report under Rule 26(a)(2) with any additional information regarding Mr. Meyers or his testimony because he was not "retained or specially employed to provide expert testimony in the case," nor do his "duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).[1]

Further, Plaintiff contends that the Court's September 25, 2008 scheduling order, which required disclosure of a summary of the expert's expected testimony, was superseded by the January 15, 2009 Order Setting Trial Date and Settlement Conference. That Order provides, with respect to expert witnesses, that "[t]he parties shall comply fully with all of the requirements of Fed.R. Civ. P. 26(a)(2), including the required disclosures at least **ninety (90) days before the trial unless an earlier date has been set by a scheduling order issued by the Magistrate Judge.**" According to Plaintiff, this provision in the Court's Order Setting Trial Date supersedes the previous scheduling order because, by referring to Rule 26(a)(2), it requires a report only of specially retained experts. Plaintiff construes the Court's Order Setting Trial Date as requiring

---

[1] The Rule regarding disclosure of expert testimony provides as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Fed. R. Civ. P. 26(a)(2)(B).

a summary of non-specially retained expert testimony on November 9, 2009, only shortly before trial, as an ordinary witness.[2]

The Court finds Plaintiff's contentions wholly without merit. The Court's January 15, 2009 Order Setting Trial Date requires the parties to comply with Rule 26(a)(2) at least ninety days before the trial in the event a case somehow escaped a pretrial order setting an earlier disclosure date. The Order Setting Trial Date expressly defers to any "earlier date that has been set by a scheduling order issued by the Magistrate Judge." Moreover, although the Order Setting Trial Date "supersedes all previous orders in this case to the extent previous orders are inconsistent with this order," the Court's September 25, 2008 pretrial scheduling order is not "inconsistent." Even if, as Plaintiff contends, the January 15, 2009 Order Setting Trial Date relates exclusively to specially retained experts under Rule 26(a)(2), it has no reference to non-specially employed experts such that the Court's former directive regarding such disclosures could not conflict with it.

Defendants' Motion to Strike is, therefore, **GRANTED**. Because Plaintiff suggests that it need only reveal additional information regarding the substance of his testimony at the time it discloses summaries for all of its witnesses, Plaintiff may call Mr. Meyers as a ordinary witness,

---

[2] The provision in the Court's Order Setting Trial Date upon which Plaintiff apparently relies relates to pretrial disclosures, generally, under Rule 26(a)(3)(A):

> **Statement of Witnesses.** Pursuant to Fed. R. Civ. P. 26(a)(3)(A), on or before **November 9, 2009**, the parties shall submit to the Court, and serve on opposing counsel, the names, addresses and occupations of all witnesses they intend to call at trial, with a brief summary of the witness' testimony (two to three sentences), the purpose of that testimony, and the major issue about which the witness will testify. Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial.

-3-

provided it complies with Rule 26(a)(3)(A), but not as an expert. Alternatively, Plaintiff may amend its disclosure to comply with the Court's September 25, 2008 pretrial scheduling order to articulate the substance of Mr. Meyers' expected testimony and the basis of any opinion expected to be offered by him as an expert if it pays Defendants' costs and expenses incurred in the filing of the instant Motion and in taking Mr. Meyers' deposition.

**IT IS SO ORDERED.**

2-26-2009
DATED

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**